UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  13-20101-CIV-MORENO**

MARIA MAYORGA, and all other similarly situated
employees,

       Plaintiff,

vs.

DELEON'S  BROMELIADS,  INC.,  a  Florida
corporation, and DON DELEON, individually,

       Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Complaint and/or for

Summary Judgment and Memorandum of Law **(D.E. No. 18)**, filed on **May 24, 2013**.  Plaintiff Maria

Mayorga brought suit against Defendants DeLeon's Bromeliad's, Inc. and Don DeLeon for violations of the

Fair  Labor  Standards  Act's  overtime  provisions  (Fair  Labor  Standards  Act,  29  U.S.C.  §  207

(2013)("FLSA")).  In response, Defendants filed a motion to dismiss and/or for summary judgment, claiming

the agriculture exemption of the FLSA applies and Plaintiff is not entitled to overtime wages.  Additionally,

Defendants claim the statute of limitations for bringing this action expired before the complaint was filed.

Plaintiff responds that Plaintiff's work does not fall within the agriculture exemption.  To rebut the

Defendants' statute of limitations argument, Plaintiff argues that the statute of limitations did not expire

because Defendants' violations were willful and Defendants were engaged in a series of continuing FLSA

violations.

The Complaint states a claim for overtime compensation under FLSA.  Therefore, Defendant's

Motion to Dismiss is DENIED.  Because Plaintiff's claims create a genuine issue of material fact as to

whether the agriculture exemption applies, Defendant's Motion for Summary Judgment is DENIED IN

PART.  As the statute of limitations has expired as to some of Plaintiff's claims, the Motion for Summary Judgment is GRANTED IN PART.  Defendant shall file an answer no later than **August 9, 2013**.

## I. BACKGROUND

Defendant, DeLeon's Bromeliads, plants, grows, ships, and sells orchids and other plants. Defendant Don DeLeon is vice president of DeLeon's Bromeliads.  Plaintiff was employed by DeLeon's Bromeliads from January 28, 2010 through December 21, 2011.  Plaintiff worked in the shipping and orchid production departments.  Plaintiff's work primarily centered around receiving, packing, shipping, and treatment (e.g. fertilizing, spraying, alignment, and cleaning) of the plants.

Plaintiff claims she was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) hours per week and that she is entitled to these overtime wages under FLSA.  Defendant claims Plaintiff was not entitled to receive overtime wages because the agriculture exemption of FLSA applies.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004).  When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.  Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

A court shall grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Consequently, the movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In evaluating whether the movant has met this burden, a court must view all the evidence in the light most favorable to the non-moving party. Once the movant has met its burden under Rule 56, the burden of production shifts and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Additionally, an employer seeking to assert an FLSA exemption has the burden of proving that the employee falls "plainly and unmistakably within the terms and spirit" of the exemption." *Morrison v. Quality Transports Services*, Inc., 474 F. Supp. 2d 1303, 1308 (S.D. Fla. 2007); *see also Nicholson v. World Bus. Network, Inc.*, 105 F.3d 1361, 1364 (11th Cir.1997) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)).Due to the statute's remedial nature, exemptions from FLSA's coverage are generally construed narrowly against the employers seeking to assert them. *Morrison*, 474 F. Supp. 2d at 1308 (citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)). However, the Motor Carrier Act, the statute which provides the exemptions at issue in this case, is likewise a remedial statute and should also be broadly construed. *Galbreath v. Gulf Oil Corp.*, 413 F.2d 941, 946 (11th Cir. 1969) (quoting *Crescent Express Lines v. United States*, 320 U.S. 401, 409 (1943)).

## III. LEGAL ANALYSIS

### *Fair Labor Standards Act Agriculture Exemption*

Defendant's motion is a Motion to Dismiss Complaint and/or for Summary Judgment. It is clear that the Complaint alleges facts sufficient to survive the motion to dismiss standard. The applicability of the

FLSA agricultural exemption requires the Court to look beyond the four corners of the Complaint and apply a summary judgment standard.

Defendant's motion centers on the FLSA agriculture exemption. The overtime provisions of FLSA do not apply to "any employee employed in agriculture...." 29 U.S.C. § 213(b)(12). "Agriculture" is defined as "farming in all its branches and among other things includes the cultivation and tillage of the soil, dairying, the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities (including commodities defined as agricultural commodities in section 1141j(g) of Title 12), the raising of livestock, bees, fur-bearing animals, or poultry, and any practices (including any forestry or lumbering operations) performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market." 29 U.S.C. § 203(f).

Agriculture, within the meaning of the FLSA, has two distinct meanings. The primary meaning includes farming in all its branches, such as cultivation and tillage of soil and cultivation, growing, and harvesting of crops or any agricultural or horticultural commodities. The secondary meaning includes other farm practices incident to or in conjunction with such farming operations, but only if they are performed by a farmer or on a farm. *See Ares v. Manuel Diaz Farms, Inc.*, 318 F. 3d 1054, 1056 (11th Cir. 2003)(citing Hodgson v. Idaho Trout Processors Co., 497 F.2d 58, 59 (9th Cir.1974)); *Farmers Reservoir & Irrigation Co. v. McComb*, 337 U.S. 755 (1949); *see also* Exemptions Applicable to Agriculture, Processing of Agricultural Commodities, and Related Subjects under the Fair Labor Standards Act, 29 C.F.R. § 780.105 (2013).

The definition of secondary agriculture has three requirements: (1) the practice must be performed either by a farmer or on a farm, (2) it must be performed either in connection with the farmer's own farming operations or in connection with farming operations conducted on the farm where the practice is performed, and (3) it must be performed as an incident to or in conjunction with the farming operations. *Rodriguez v. Pure Beauty Farms, Inc.*, 503 F. App'x 772, 774-5 (11th Cir. 2013). In order for the secondary prong of the

agricultural exemption to be met, the work must be related to the operations of the same farm on which the employee works. *See Mitchell v. Huntsville Wholesale Nurseries, Inc.*, 267 F.2d 286, 290 (5th Cir.1959). This means that, to claim the exemption, the practices in question must relate to the farmer's own farming operations and not to the farming operations of others. *Id.*; *see also* 29 C.F.R. § 780.129.

Plaintiff's statements in her affidavit mirror the statements made by the plaintiff in *Saldibar v. Delray One, Inc.*, No. 07-80608, 2008 WL 755265 (S.D. Fla. Feb. 20, 2008).   Plaintiff states she has personal knowledge that Defendants purchased plants from other nurseries, grew them and then resold them to its own customers ("a process called stepping up"), as well as purchased plants for direct resale and/or acted as a broker for the resale of other nurseries' stock. Mayorga Aff. ¶¶ 8-9.  As in *Saldibar*, Plaintiff does not specifically allege which of these categories of plants she was involved in handling, if any, nor does she present any affirmative evidence on this point.

To the extent Plaintiff handled immature plants brought in for "stepping up," she was engaged in primary agricultural activity and the exemption would apply. *See Saldibar*, 2008 WL 755265, at *5 (holding that, to the extent the Plaintiff, a nursery employee, handled plants purchased for "stepping up," he was engaged in primary agricultural activity)(citing *Adkins v. Mid-American Growers, Inc.*, 167 F. 3d 355, 357 (7th Cir. 1999)(greenhouse acclimatization of plants prior to sale is form of cultivation properly classified as agricultural)).

However, to the extent Plaintiff may have handled plants purchased from other farmers which were simply turned around for resale or to the extent Plaintiff handled plants Defendants were "brokering," her work would be considered incidental to the farming operations of other farms and the exemption would not apply. *See Saldibar*, 2008 WL 755265, at *5 (holding that to the extent the nursery purchased plants from other growers for resale, it was acting as a wholesaler rather than a farmer and the activity is not exempt)(citing *Ares,* 318 F. 3d at FN4); *see also Rodriguez*, 503 F. App'x at 776 (noting employees of a grower of nursery stock who work in packing and storing sheds sorting the stock, grading and trimming it,

racking it in bins, and packing it for shipment are employed in agriculture provided they handle *only products grown by their employer* and their activities constitute an established part of their employer's agricultural activities and are subordinate to his farming operations); *Sariol v. Florida Crystals Corp.*, 490 F. 3d 1277 (11th Cir. 2007)(holding the agricultural exemption is not applicable to employees who spent their time processing nursery stock received from other farms); *Mitchell*, 267 F.2d at 290 (holding that the processing by a farmer of commodities of other farmers is incidental to, or in conjunction with, the farming operations of those other farmers and therefore not within the definition of agriculture); 29 C.F.R. § 780.137.

An employer who claims the agricultural exemptions, like other FLSA exemptions, has the burden of showing that it applies. *See* 29 C.F.R. § 780.2; *see also* 29 C.F.R. 780.402. If the record is unclear as to some exemption requirement, the employer will be held not to have satisfied its burden. *Saldibar*, 2008 WL 755265, at *6 (internal citations omitted).Where, as here, the employer fails to meet its burden of showing that the employee meets every aspect of the definition for an exempt employee, the motion for summary judgment is appropriately denied. *Id.* On this record, the court finds Defendants have failed to meet their burden of proving entitlement to the agriculture exemption. As a result, the exemption must be disallowed for purposes of summary judgment. *Id.*

Although the Defendant has the burden of proving entitlement to the exemption, the worker has the burden of proving that he did non-exempt work. *Adkins*, 167 F. 3d at 359. A worker who does any non-exempt work in a week is entitled to the statutory time and a half for all the worker's overtime that week. At this point, Defendant has not proven entitlement to the exemption, nor has Plaintiff proven she performed any non-exempt work. These are issues of fact to be resolved at trial.

Accordingly, the motion for summary judgment is DENIED as to the issue of the applicability of the agriculture exemption of FLSA.

***The Statute of Limitations***

A claim for overtime wages under the FLSA must be "commenced within two years after the cause

of action accrued... except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

For purposes of evaluating when the statute of limitations begins running in FLSA cases, it is well settled that each failure to pay overtime constitutes a new violation of FLSA. *See Knight v. Columbus, Georgia*, 19 F. 3d 579 (11th Cir. 1994)(holding that each failure to pay overtime in violation of the Fair Labor Standards Act begins a new statute of limitations period as to that particular event and, thus, claims for overtime by officers of the city fire department were not untimely even though the city adopted its classification system identifying the officers as exempt more than three years before the suit was commenced). When there is a series of repeated violations of the Fair Labor Standards Act, a plaintiff can recover for any violations for which the statute of limitations has not expired. *Id.* at 582 (holding the officers had a non-barred cause of action with respect to any claims, i.e. paychecks, which omitted overtime pay, that accrued within the two years before the complaint was filed, three years if the violations were willful).

Plaintiff alleges that "Defendant's acts or omissions in refusing to pay Plaintiff time and one half her regular rate of pay for each hour in excess of forty (40) per work week in one or more work weeks were intentional, willful, unlawful and lacking in requisite good faith." Compl. ¶ 18. However, Plaintiff proffered no evidence of willfulness on the part of Defendants. Therefore, the Court will apply a two-year statute of limitations.

Plaintiff worked for Defendant from January 28, 2010 through December 21, 2011. DeLeon Aff. ¶ 3. The Complaint was filed on January 10, 2013. Plaintiff alleges that "at all times relevant to this action, Defendants failed to comply with" FLSA. Compl. ¶ 12. The Court finds that the statute of limitations has expired as to all claims for overtime compensation occurring before January 10, 2011 and, therefore, all claims occurring before January 10, 2011 are time-barred. The statute of limitations has not expired for those alleged violations of FLSA occurring between January 10, 2011 and December 21, 2011.

Accordingly, the motion for summary judgment is GRANTED IN PART as to the issue of the statute

-7-

of limitations.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to dismiss is DENIED.   The motion for summary judgment is GRANTED IN PART and DENIED IN PART. Defendant shall file an answer no later than **August 9, 2013**.

DONE AND ORDERED in Chambers at Miami, Florida, this day of July, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record