UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-20101-CIV-MORENO

MARIA MAYORGA, and all other similarly
situated employees,

    Plaintiffs,

vs.

DELEON'S BROMELIADS, INC., a Florida
corporation, and DON DELEON, individually,

    Defendants.
_____/

## ORDER GRANTING SUMMARY JUDGMENT

Plaintiff Maria Mayorga and Opt-In Plaintiffs[1] (collectively, "Plaintiffs") filed a lawsuit against their employers, Defendants Deleon's Bromeliads, Inc. and Don Deleon (collectively, "Defendants"), alleging violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). Plaintiffs claim they are entitled to time and one-half pay for the hours worked in excess of forty hours per week, and seek unpaid overtime wages and liquidated damages pursuant to the statute. In response, Defendants claim the agriculture exemption of the FLSA applies, and that any of its business that may fall outside of the exemption is otherwise *de minimis*, and therefore Plaintiffs are not entitled to overtime wages.

For the reasons provided below, the Court finds that Defendants' Motion for Summary Judgment (D.E. No. 62) is granted where there exists no genuine dispute as to any material fact. Defendants have demonstrated, and Plaintiffs have failed to refute, that the agriculture exemption

---

[1]These Plaintiffs, apart from Barbarita Pedraza who joined the action with lead Plaintiff Mayorga, joined roughly five months after the Complaint was filed, and include Alicia Liseth Ventura, Doris Elizabeth Calde Martinez, Efigenia Mendez Garcia, Maria Alicia Quintanilla, Victoria Carmona, and Vilma Janeth Garcia Portillo.

applies to work performed by Defendants and Plaintiffs, and that Defendants' purchase of product from outside vendors is *de minimis*, thus entitling Defendants to the exemption for all business.

## I. Background and Procedure

Defendant Deleon's Bromeliads, Inc., a Florida corporation, and Don Deleon, the Vice President of Deleon's Bromeliads and Director of the location where Plaintiffs were employed, is a grower and wholesaler of orchids and bromeliads. The company employs approximately 80 people, and oversees several departments including shipping, treatment, orchids, maintenance, and bromeliad production, as well as three sprayers and a mechanic. Deleon's Bromeliads sells over 1.4 million plants per year, and the company nurses, grows and cultivates the bromeliads and orchids for periods of time stretching from six months to two years before being sold.

Plaintiffs were employed by Deleon's Bromeliads at various times from January 2011 through June 2013 in the shipping department, orchids department and treatment department. Plaintiff Mayorga for example, who was employed in the shipping and orchids department, worked primarily on receiving, packing, shipping and treatment of the plants, including fertilizing, spraying, alignment and cleaning.

Defendants moved to dismiss Plaintiffs' Complaint and alternatively filed a motion for summary judgment. The Court denied the motion to dismiss, and granted in part and denied in part the motion for summary judgment. [D.E. 44]. In doing so, the Court found that the two-year statute of limitations applied, and therefore any claims for alleged violations occurring before January 10, 2011 were time-barred. *Id.* Defendants then filed the instant Motion for Summary Judgment.[2]

---

[2] The Court will address Plaintiffs' Motion to Strike (D.E. 79) as part of its Order. Because the parties' motions in limine (D.E. 65 and 75) address potential evidentiary issues at trial, these motions are denied as moot where summary judgment is granted for Defendants.

## II. Standard of Review

A court shall grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Consequently, the movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In evaluating whether the movant has met this burden, a court must view all the evidence in the light most favorable to the non-moving party. Once the movant has met its burden under Rule 56, the burden of production shifts and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

An employer seeking to assert an FLSA exemption has the burden of proving that the employee falls "plainly and unmistakably within the terms and spirit" of the exemption. *Nicholson v. World Bus. Network, Inc.*, 105 F.3d 1361, 1364 (11th Cir. 1997); 29 C.F.R. § 780.2; see also 29 C.F.R. § 780.402. Due to the statute's remedial nature, exemptions from FLSA's coverage are generally construed narrowly against the employers seeking to assert them. *Morrison v. Quality Transports Services, Inc.*, 474 F. Supp. 2d 1303, 1308 (S.D. Fla. 2007). However, the Motor Carrier Act, which provides the exemptions at issue in this case, is likewise a remedial statute and therefore should also be broadly construed. *Galbreath v. Gulf Oil Corp.*, 413 F.2d 941, 946 (11th Cir. 1969). Although the Defendant has the burden of proving entitlement to the exemption, the worker has the burden of providing that he or she did nonexempt work. *Adkins v. Mid-American Growers, Inc.*, 167 F.3d 355, 359 (7th Cir. 1999).

### III. Legal Analysis

The issues raised in the summary judgment pleadings come down to whether Defendants have sufficiently demonstrated, and Plaintiffs have failed to refute, that over 99% of Defendants' business falls within the agriculture exemption, and less than 1% of its business outside of it. If so, the remaining issue is whether the 1% is *de minimis*, in which case all of the work performed by the company and its employees falls within the agricultural exemption to the FLSA. For the reasons provided below, the Court finds that the work performed at Deleon's Bromeliads falls within the agricultural exemption, that less than 1% of the work constitutes purchases of plants from other vendors, and that the 1% is indeed *de minimis*, and therefore the FLSA exemption applies and Plaintiffs are not entitled to overtime wages.

#### A. The Court Can Properly Consider Exhibits A and B to Defendants' Motion for Summary Judgment, therefore Plaintiffs' Motion to Strike (D.E. 79) is Denied.

Plaintiffs' filed a Motion to Strike Selected Exhibits to Defendants' Motion for Summary Judgment, arguing that because Composite Exhibit B [D.E. 62-2] consists of undated, unsigned and unsworn accounting reports, and because Exhibit A [D.E. 62-1] (Affidavit of Don Deleon) interprets the data thereon, all such evidence is inadmissible and cannot be considered by the Court in deciding on the motion for summary judgment.

This District has consistently held that granting a motion to strike is a "drastic remedy" and "disfavored by the courts." *E.g., Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 699 (S.D. Fla. 2013). A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." *Id.* Composite Exhibit B is not redundant, immaterial, impertinent or scandalous. First, as argued in Defendants' response to the Motion to Strike, and not refuted by Plaintiffs, Defendants' Rule 26 Disclosures and copies of vendor invoices were provided to Plaintiffs, and Plaintiffs'

depositions of various vendors similarly demonstrate that Plaintiffs' were on notice of the very information they now seek to strike. Second, such information is properly authenticated and admissible at trial. Moreover, Don Deleon, as the Vice President of Deleon's Bromeliads and the Director of the subject location, can certainly testify regarding the company's business records as he has personal knowledge of the information contained therein. Pursuant to Fed. R. Civ. P. 56(4), an affidavit can be used to support a motion for summary judgment provided it is "made on personal knowledge" and that the affiant is "competent to testify on the matters stated." Indeed, Plaintiffs questioned Mr. Deleon regarding many of the issues they now seek to strike. *See* Deposition of Don Deleon at pp.46-48 (discussing vendor invoices and dollar amounts); 81 (discussing his responsibility for ordering flowers from other vendors due to shortfall in production).

Finally, where Exhibit B is a list of the totaled vendor invoices for the relevant time period compared to Deleon's Bromeliads' plant sales, the information making up this exhibit was similarly in Defendants' possession through discovery, and at the very least Defendants knew of the information through deposing witnesses on those subjects. In addition, Plaintiffs have failed to refute Defendants' assertions in their response, which are supported with extrinsic evidence. Plaintiffs' Motion to Strike is therefore denied, and the Court can properly consider the relevant Exhibits in making its decision on summary judgment.

### B. The Work Performed by Deleon's Bromeliads, Inc. and Its Employees Falls Within the Agriculture Exemption

The parties' arguments center on the agriculture exemption. The overtime provisions of FLSA do not apply to "any employee employed in agriculture...." 29 U.S.C. § 213(b)(12). "Agriculture" is defined as "farming in all its branches and among other things includes the cultivation and tillage of the soil, dairying, the production, cultivation, growing, and harvesting of

any agricultural or horticultural commodities (including commodities defined as agriculture commodities in section 1141j(g) of Title 12), the raising of livestock, bees, fur-bearing animals, or poultry, and any practices (including any forestry or lumbering operations) performed by a farm or on a farm as an incident to or in conjunction with such farming operations, including preparation for a market." 29 U.S.C. § 203(f).

Agriculture, within the meaning of the FLSA, has two distinct meanings. The primary meaning includes farming in all its branches, such as cultivation and tillage of soil and cultivation, growing, and harvesting of crops or any agricultural or horticultural commodities. The secondary meaning includes other farm practices to or in conjunction with such farming operations, but only if they are performed by a farmer or on a farm. *See Ares v. Manuel Diaz Farms, Inc.*, 318 F.3d 1054, 1056 (11th Cir. 2003); *Farmers Reservoir & Irrigation Co. v. McComb*, 337 U.S. 755, 762-63 (1949); *see also* Exemptions Applicable to Agriculture, Processing of Agricultural Commodities, and Related Subjects under the FLSA, 29 C.F.R. § 780.105 (2013).

The definition of secondary agriculture has three requirements: (1) the practice must be performed either by a farmer or on a farm, (2) it must be performed either in connection with the farmer's own farming operations or in connection with farming operations conducted on the farm where the practice is performed, and (3) it must be performed as an incident to or in conjunction with the farming operations. *Rodriguez v. Pure Beauty Farms, Inc.*, 503 Fed. Appx. 772, 774-75 (11th Cir. 2013). In order for the secondary prong of the agricultural exemption to be met, the work must be related to the operations of the same farm on which the employee works. *See Mitchell v. Huntsville Wholesale Nurseries, Inc.*, 267 F.2d 286, 290 (5th Cir. 1959). This means that, to claim the exemption, the practices in question must relate to the farmer's own farming operations, and not to the farming operations of others. *Id.*; 29 C.F.R. § 780.129.

As to the first requirement, to be a "farmer" within the meaning of the agricultural exemption, "the employer must be engaged in activities of a type and to the extent that the person ordinarily regarded as a 'farmer' is engaged." 29 C.F.R. § 780.130. The term "farmer" is "an occupational title" and broadly includes an employer who grows his own agricultural products but whose "only purpose is to obtain [those] products useful to him in a non-farming enterprise which he conducts." 29 C.F.R. § 780.131. The regulation even gives the example of "an employer engaged in raising nursery stock." *Id.*

The work performed at Deleon's Bromeliads by Plaintiffs falls within this meaning of secondary agriculture, and the company constitutes activity performed by a "farmer." Deleon's Bromeliads is a commercial plant nursery who grows and cultivates the bromeliads and orchids for periods of time stretching from one to two years before being sold. The company has several departments performing duties in support of this overall agricultural function, including shipping, treatment, orchids, maintenance, and bromeliad production, as well as three sprayers and a mechanic. D.E. 63 at ¶ 1-12; D.E. 64-1 (Deposition of Don Deleon) at pp. 59, 65, 68, 70-73, 77-78) (explaining business); 29 C.F.R. § 780.130 (explaining that it is the employer's status as a farmer that matters, and that the term may apply to corporations as well as individuals). Accordingly, the Eleventh Circuit has found that a "commercial nursery that grows and cultivates plants, is a 'farmer' for purposes of the exemption." *Rodriguez*, 503 Fed. Appx. at 774-75.

As employees of Defendants, all Plaintiffs were also "farmers." 29 C.F.R. § 780.132 ("'Farmer' includes the employees of a farmer"). Thus, the work performed by Plaintiffs in the orchid and treatment departments, as well as the shipping departments - the duties of which included fertilizing, spraying, alignment, and cleaning of plants - were performed "by a farmer." *See* D.E. 63 at ¶ 4-12; Deposition of Don Deleon at pp. 65-78; *see also Rodriguez*, 503 Fed. Appx. at 775.

In addition, Plaintiffs' practices were performed in connection with the farmer's own farming operations, as their treatment and production of the plants supported - and indeed are necessary steps in - Deleon Bromeliad's growing and eventual sale of those flowers. *See Ares*, 318 F.3d at 1057-58. (employee of farm enterprise engaged in cultivation and sale of plants and trees was an "agricultural employee" where his duties including treating weeds and fumigating farm area, as such tasks were performed on a farm and "involved farm practices incidental to the primary agricultural tasks of cultivation"); 29 C.F.R. §§ 780.129 and 780.137.

Finally, the practices Plaintiffs performed for Deleon's Bromeliads were "incident to or in conjunction with" the company's farming operations. 29 C.F.R. § 780.129. "Generally, a practice performed in connection with farming operations is within the statutory language only if it constitutes an established part of agriculture, is subordinate to the farming operations involved, and does not amount to an independent business." 29 C.F.R. § 780.144. A farmer or his employees selling the farmer's own agricultural commodities is also a practice "incident to or in conjunction with the farming operations" as long as "it does not amount to a separate business." 29 C.F.R. § 780.158(a). Moreover, if nursery employees are engaged in "[p]lanting, cultivating, watering, spraying, fertilizing, pruning, bracing, and feeding the growing crop," they are employed in agriculture. 29 C.F.R. § 780.205; *see also Borja v. Hines Nurseries, Inc.*, 172 Fed. Appx. 927, 928 (11th Cir. 2006) (holding employee's duties of watering and loading plants, as well as picking up trash in the nursery area, constituted work well within the meaning of secondary agriculture, noting "[b]oth the Department of Labor and Supreme Court have made clear that activities that are secondary to farming, but supportive of it, are included within the exemptions").

Under the facts above as alleged by Defendants and supported with affidavits and testimony,

the Court finds that the work performed by Defendants and Plaintiffs falls within the meaning of secondary agriculture. Plaintiffs have failed to dispute those material facts through evidence of its own, and bare assertions that "the issue of whether Defendants are entitled to an exemption is not normally appropriate for resolution in a . . . motion for summary judgment," [D.E. 78 at 5], or that "a number of those 'undisputed facts' are greatly in dispute," [D.E. 78 at 6], or that Defendants' position "is unsupported based upon the record," [D.E. 78 at 7], without more, is insufficient.

A party "faced with a properly supported summary judgment motion" thereafter "bears the burden of persuasion" and "is obligated to come forward with extrinsic evidence which is 'sufficient to establish the existence of an element essential to that party's case[.]'" *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 607-08 (11th Cir. 1991) (citing with approval *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), holding after movant has met its initial burden, burden shifts to non-movant to point to other portions of the record demonstrating existence of a genuine issue of fact). Plaintiffs' response does not have a single citation to extrinsic evidence, and are not entitled to rest upon the allegations of the Complaint when those allegations are disputed by Defendants' factually supported allegations. Accordingly, the agricultural exemption applies to Defendants' business.

### C. The Work Performed by Deleon's Bromeliads Relating to Purchases of Plants from Other Growers Was *De Minimis*, Where Such Purchases Were Infrequent and Due to Production Shortfall Resulting from Unforeseen Circumstances, and Constituted Less Than 1% of Its Entire Business.

Defendants have similarly demonstrated - and Plaintiffs have similarly failed to refute - that less than 1% of its business relates to the "very rare and limited occasions" where the company, when faced with production shortfalls caused by various weather conditions, must purchase plants from other nurseries to complete its client commitments. *See* D.E. 62-2 (Composite Exhibit B,

Accounting Records) at p.3; D.E. 62-1 (Affidavit of Don Deleon) at ¶ 3-4.  Such purchases of "brokered plants" constituted less than 1% of the total amount of Deleon's Bromeliads' sales per year from 2011-2013.  D.E. 62-2 at p.3; D.E. 62-1 at ¶ 5-7.  Defendants claim that under the *de minimis* doctrine of the FLSA, these infrequent and minimal purchases of flowers caused by weather conditions should not cause the company to lose its agricultural exemption.

Under the FLSA, the *de minimis* doctrine provides that an employer is not required to pay employees for otherwise compensable activities if the time spent performing these activities is *de minimis*.  *Burton v. Hillsborough County, Fla.*, 181 Fed. Appx. 829, 838 (11th Cir. 2006).  When applying the *de minimis* rule to otherwise compensable time, the Court considers such factors as the aggregate amount of compensable time and the regularity of the additional work.  *Id.*

Applying those factors to this case, Defendants have set forth evidence demonstrating that the amount of time and money spent on the purchase of plants from other vendors is "rare and limited" and is caused by production shortfalls.  *See* D.E. 62-2 at p.3; D.E. 62-1 at ¶ 3-7.  Faced with these supported allegations, and with evidence demonstrating that over 99% of plants sold are grown and cultivated by Defendant Deleon's Bromeliads, Plaintiffs failed to make a single allegation in response that they routinely participated in such non-exempt activity.  *Adkins v. Mid-American Growers, Inc.*, 167 F.3d 355, 359 (7th Cir. 1999) (although defendant has burden of proving entitlement to exemption, the employee has the burden of providing he or she did non-exempt work).

Furthermore, while the Eleventh Circuit has not definitively addressed a factual scenario similar to the instant case, several courts have found that where a small percentage of an otherwise exempt business's sales comes from purchases from other companies, and those purchases are made to cover production shortfalls, that business is entitled to the agricultural exemption.  *See, e.g.,*

*Walling v. Rocklin*, 132 F.2d 3,7 (8th Cir. 1942) (flower business entitled to exemption where five to ten percent of its sales came from outside purchases; "the occasional purchase and sale of products necessitated by reasons of storms, frost, and other emergencies, caused by the natural elements" were "quite consistent with the theory that defendants are primarily and exclusively engaged in agriculture in the production of flowers, plants, flowering shrubs[.]"); *Adkins*, 167 F.3d at 357 ("[W]ork connected with those cover purchases . . . because of production shortfalls" is exempt); *Wirtz v. Jackson & Perkins Co.*, 312 F.2d 48, 51 (2d Cir. 1963) (holding agricultural exemption applied to nursery corporation where temporary purchases from other growers, totaling 2.2%, 5.7% and 1.2% over three years, "were necessary to make up for temporary shortages due to defendant's own crop failures [] because of adverse weather conditions or blights"); *Damutz v. William Pinchbeck, Inc.*, 158 F.2d 882, 883 (2d Cir. 1946) (employer entitled to exemption where, in part, "a small part of the defendant's business, less than one-half of one percent, had been the marketing on a commission basis of cut flowers obtained from another grower[.]").[3]

These cases are consistent with the purpose of the FLSA, as businesses otherwise exempt from the FLSA overtime provisions due to work clearly falling within the meaning of "agriculture" should not lose its exemption for activity caused by infrequent and generally unforeseen conditions. The Court agrees with Defendants' argument that the minimal purchase of brokered plants, still serving Deleon's Bromeliads' agricultural function, is not a separate or independent activity or business from its agricultural production, *see* 29 C.F.R. §§ 780.144 and 780.158(a), and to deny the exemption would "burden the efficient integration of closely related activities," especially where,

---

[3] The cases to which Plaintiffs cite are distinguishable for a host of reasons, and where the Court finds applicable and factually apposite the cases above and cited by Defendants, it need not address those reasons here.

as here, the amount of nonexempt activity is "too slight to warrant the expense of a separate work force." *Adkins*, 167 F.3d at 358.

For these reasons, the Court finds the 1% of business related to purchases from other vendors is *de minimis*, and Defendants are entitled to the agricultural exemption for its entire business.

### IV. Conclusion

Accordingly, Defendants' Motion for Summary Judgment is granted where they have demonstrated and Plaintiffs have failed to refute that there is no genuine dispute as to any material fact. The work performed by Defendant Deleon's Bromeliads and Plaintiffs as employees falls within the meaning of "agriculture" as defined by the FLSA, and Defendants' minimal and infrequent purchase of product from other vendors is *de minimis*, thereby entitling Defendants to the agricultural exemption under the FLSA. Plaintiffs are not entitled to overtime wages.

ADJUDGED that:

(1) Defendants' Motion for Summary Judgment **(D.E. 62)** is GRANTED.

(2) Plaintiffs' Motion to Strike Selected Exhibits to Defendants' Motion for Summary Judgment **(D.E. 79)** is DENIED.

(3) Plaintiffs' Amended Motion in Limine **(D.E. 75)** is DENIED as moot.

(4) Defendants' Motion in Limine **(D.E. 65)** is DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this __ day of March, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record